JACKSON COUNTY *et al. v.* McGLASSON.

(*Nashville.* December Term, 1934.)

Opinion filed March 31, 1934.

312

Roy H. Beeler, Attorney-General, P. J. Anderson, of Gainesboro, O. L. Peeler, of Camden, W. C. Cook, of Dickson, and John L. Neely, of Nashville, for the State.

Bailey C. Butler, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

■ This appeal presents another phase of the controversy over the application and effect of chapter 57, Pub. Acts of 1931. The Legislature enacted the statute for the purpose of relieving the counties of the statutory imposed burden of paying for rights of way for state highways. By this act, the Legislature transferred the obligation from the counties to the State. No constitutional restraint prohibited the assumption of the obligation by the State. *Baker* v. *Hickman County,* 164 Tenn., 305, 47 S. W. (2d), 1090.

The State insists that the judgment rendered in this case, primarily against the State and secondarily against the county, for the land taken for the state highway should be reversed because:

(1) The Legislature did not, by any provision of chapter 57 of the Act of 1931, waive the State's immunity and therefore it could not be sued.

(2) The Legislature did not require the State to become a party to pending condemnation suits, hence it could not be made a party by order of the court.

■ The State having pleaded its immunity under section 8634 of the Code of 1932 (Const. art. 1, sec. 17), the Circuit Court of Jackson County had no jurisdiction and could not render judgment against the State under the construction given the act in *Phillips* v. *Marion County* (Tenn. Sup.), 59 S. W. (2d), 507.

█ The State located and subsequently constructed a state highway over the lands of the defendant, McGlasson, in Jackson County. It was necessary to condemn the right of way. It was assumed by the state highway department and the county authorities that the Legislature, by chapter 74, Pub. Acts of 1917, chapter 149, Pub. Acts of 1919 (*Liles* v. *Creveling,* 151 Tenn., 61, 268 S. W., 625), imposed the obligation upon counties to procure rights of way for state highways. In conformity with that view the chairman of the County Court of Jackson County filed condemnation suits to appropriate for the use of the state highway the lands required in Jackson County. Proceedings were instituted against the defendant, McGlasson, as well as against fifteen other landowners. In the McGlasson case a jury of inquest was appointed, assessed the value of the land and incidental damages at $3,500, and reported their verdict. In conformity with the statute, Shannon's Code,. section 1861, Code, section 3126, McGlasson appealed to the circuit court and asked for a trial *de novo.* That was the status of the case when, at the July term, 1931, the Attorney-General for the State appeared and joined in an order which was entered on the minutes of the court and which reads as follows:

''Now come the respective parties in each of the above entitled causes, by and through their attorneys of record, including the attorneys for Jackson County and John L. Neely and J. M. Gardenhire, Assistant Attorneys-General of the State, and hereby enter the following agreement and stipulation:

''1. It is hereby mutually agreed that each and all of the above entitled cases are by agreement continued until the next term of the court.

"2. The State of Tennessee, through its Assistant Attorneys-General, does not concede liability in any of said cases but it is hereby mutually agreed that the State waives service of process in each of said cases and may be substituted as parties defendants, or plaintiff, as the case may be, if the law requires such action, and it is further stipulated and agreed that if there is legal liability on the part of the State that the same will be assumed and paid under the Acts of 1931, same being chapter 57 of the Public Acts of 1931, provided, always, that said act of the Legislature is valid, constitutional and binding upon the State of Tennessee.

"3. It is hereby mutually agreed and stipulated that none of the rights of these parties to these suits, either plaintiff or defendant, or the county or the State of Tennessee, shall be in anywise prejudiced or embarrassed by reason of this stipulation."

By this agreement the State became a party to the several causes styled in the caption to the order, all of which had been brought by Jackson County to condemn rights of way for the state highway department. At that time the case of *Baker* v. *Donegan,* 164 Tenn., 625, 47 S. W. (2d), 1095, 52 S. W. (2d), 152, was pending and in that case the State was challenging the validity of chapter 57, Pub. Acts of 1931, hence the reservation in paragraph 2 of the agreed order. The Act of 1931 was held valid in *Baker* v. *Donegan,* and in *Brown's Heirs* v. *Cannon County,* 165 Tenn., 554, 56 S. W. (2d), 735, was held to transfer the primary liability for the expense of acquiring rights of way from the counties to the State.

In *Phillips* v. *Marion County, supra,* it was said that the procedure, or the administrative measures, necessary to protect the State by ascertaining its reasonable lia-

bility for such rights of way were left by the Legislature to the discretion of the department of highways and public works. That being so, it seems that the department of highways and public works, out of whose funds the liability assumed by the State was ''to be paid as other highway expenses are paid,'' could refuse to let the State become a party to pending suits and wait until the State's liability became fixed by a judgment in the condemnation proceedings commenced by the county for the benefit of the State, and could even resist payment until commanded by mandamus; or, on the other hand, the department of highways and public works could, in the name of the State, acting through its legal department, intervene and join the county in a trial of cases on their merits so as to hold the parties to a fair measure of damages.

In the case before us, the department of highways and public works, represented by the State's legal department and acting for and in the name of the State, adopted the latter course, for it entered a general appearance. The order copied above could not be otherwise construed. After the State had entered its appearance, the landowners in the several cases in Jackson County styled in the caption of the order entered by the consent of the State were allowed to amend their pleadings by adding:

''. . . So as to aver, that at the time of the institution of said suits, Jackson County, on demand of the highway department that it furnish rights of way as required by existing statutes proceeded to attempt to so furnish rights of way not as matters of agreement but rather by way of compulsion, and that since said suits were instituted, to-wit, on July 1, 1931, the Legislature

of Tennessee, by virtue of chapter 57, Pub. Acts 1931, relieved Jackson County of its liability in all of these cases and created instead thereof a liability against the State of Tennessee, which is a plaintiff in all of said cases except the case of *Ella Morgan* v. *Jackson County,* and in that case the State of Tennessee is codefendant along with Jackson County, and the court permits this amendment in each and all of said cases.''

The order allowing the amendment concluded:

''The State of Tennessee resists this motion and denies all liability and excepts to this order. Thereupon it is agreed mutually among all the parties and without prejudice to the right of any as to any proper legal questions which might properly arise or on the matter of the amount of damages in the several cases that the question of liability in these cases as between the State of Tennessee and said Jackson County that they will each and all await the decision of the Supreme Court in the case of *R. H. Baker, Com.,* v. *Monte Donegan,* and after this question has been so adjudicated then the cases will be heard on the merits of each respective case as it may arise.''

At the March term, 1933, the defendant moved for judgment upon the verdict of the jury of view, but the record does not disclose any action upon that motion. It does show, however, that the case was continued at the March term, 1933, upon application of the State. At the July term the State asserted its immunity from suit and challenged the jurisdiction of the court in a motion to dismiss the case of *Jackson County* v. *McGlasson.* The motion was properly overruled because the State had waived its privilege by becoming a party to the action. *Moore* v. *Tate,* 87 Tenn., 725, 11 S. W., 935, 10

Am. St. Rep., 712; *Tappan* v. *Western R. Co.,* 3 Lea, 106; *White* v. *Nashville R. Co.,* 7 Heisk., 518; *State* v. *Ward,* 9 Heisk., 100.

When the State's motion to dismiss was overruled, the cause was tried before the court and a jury upon its merits and the judgment recites that counsel for the State participated in the trial. The jury assessed the value of the land and the incidental damages at $2,500 and reported their verdict. The trial judge approved the verdict and entered a judgment primarily against the State and secondarily against Jackson County. The State's motions for new trial and in arrest of judgment were overruled by the court, and the State appealed. In the order overruling the motion and granting appeal it was said "the State is not questioning the amount of the judgment, but is denying liability under the law." The State's motions for new trial and in arrest of judgment raised the question of the State's immunity and challenged the sufficiency of the pleadings, and the jurisdiction of the court. It is sufficient to say that the petition stated a good cause of action against the landowner in the proceeding brought by the county to appropriate his land for use of the State, and that the State voluntarily entered its appearance as a party to that petition, and having done so occupied the status of an ordinary suitor. *Moore* v. *Tate,* 87 Tenn., 730, 11 S. W., 935, 10 Am. St. Rep., 712.

We have considered all of the assignments of error. Under none of them would the court be authorized to annul the legislative will expressed in the Act of 1931. By that act the Legislature renounced the policy of imposing the burden of procuring rights of way for state highways upon the counties and imposed the obligation

upon the State. They had power to do that, for no provision of the Constitution forbids the State's assumption of such expenditure. After all, it is but a question of administration and, as stated in *Phillips* v. *Marion County,* the method through which the department of highways and public works may lend obedience to the legislative will expressed by chapter 57, Pub. Acts of 1931, was left to the department.

Affirmed.