EDWARD C. MAGUIRE et al., Copartners Doing Business under the Name of MAGUIRE, FRUTKIN, WALDIE & RIPPE, Plaintiffs, *v.* GEORGE P. MONAGHAN, as Commissioner of and Constituting the State Harness Racing Commission, et al., Defendants.

Supreme Court, Special Term, New York County, September 24, 1954.

*Edmond B. Butler* for plaintiffs.

*Nathaniel L. Goldstein, Attorney-General (Samuel Hirshowitz* of counsel), for defendants.

McGivern, J. The plaintiffs herein are partners in the law firm of Maguire, Frutkin, Waldie and Rippe, Esqs., and they have brought an action for a declaratory judgment. As to this action, they now seek summary judgment. They seek to know whether or not they may render legal services to the owner of a harness racing track, and yet not effect the automatic forfeiture of a public office held by one of their partners, the Honorable Edward C. Maguire, commissioner of the board of water supply of the City of New York.

The applicable statute, chapter 514 of the Laws of 1954, which is section 63 of the Pari-Mutuel Revenue Law, provides in part as follows: '' 1. No public officer, public employee or party officer shall: * * * (d) sell (or be a member of a firm * * * which sells) any goods or services to any firm, association or corporation specified in paragraph (b) of this subdivision.'' Among those firms, associations or corporations which are so specified in paragraph '' (b) '' are any '' which owns or leases to any licensed association or corporation a race track at which pari-mutuel racing is conducted.'' This latter category includes plaintiffs' former client, Algam Corporation. Plaintiffs have shown, on this motion for summary judgment, under rule 113 of the Rules of Civil Practice, that they represented as lawyers the said Algam Corporation, owner of a harness racing track at which pari-mutuel racing is conducted but that they withdrew from such representation before May 1, 1954, when the said statute took effect, in order to avert the peril of forfeiture of the public office held by Commissioner Maguire. The peril is lodged in the following provision, which is subdivision 2 of the said section 63: '' 2. Notwithstanding any other provision of law, and in addition to any other cause of removal provided by law, a knowing and wilful violation of this section shall be cause for removal from public office, public employment or party office. In any such case, such public officer, public employee or party officer violating this section shall be removed from office by appropriate authority having the power of removal or at the suit of the attorney-general.''

The plaintiffs have instituted their cause of action for a declaratory judgment against two named defendants: George F. Monaghan, the Commissioner of and constituting the State Harness Racing Commission of the State of New York, and Nathaniel L. Goldstein, Attorney-General of the State of New York. But it is immediately apparent that there is no justiciable controversy between plaintiffs and the State Harness Racing Commission. Commissioner Monaghan has no jurisdiction over the plaintiffs. He cannot bring about the forfeiture of the plaintiff Maguire's public office. Commissioner Maguire is removable only for cause by the Mayor of the City of New York, or as the statute (Pari-Mutuel Revenue Law, § 63) provides, '' at the suit of the attorney-general ''. Nor does the Harness Racing Commission exercise any supervisory or visitorial powers over the plaintiffs as members of the Bar. No administrative determination of the Harness Racing Commission could have any effect upon the plaintiffs as lawyers or upon one of them as a public officer. As was said in Anderson on Actions for Declaratory Judgments (2d ed., Vol. 1, ch. 2, § 14): '' A controversy cannot be justiciable where the defendant is without right, authority or power to place the plaintiff's rights in jeopardy. In other words, the opposition to the plaintiff's demand must be by some one named a defendant who is legally competent to place the plaintiff's rights in jeopardy.''

Plaintiffs contend that the State Harness Racing Commission is a proper party defendant because by administrative action it could deny a license to plaintiffs' client, or deprive the latter of the license, simply because it chose to be represented by the plaintiffs. However, plaintiffs' said client has not joined in this action, and its rights are therefore not in controversy here.

Therefore the court holds that the defendant Monaghan, as Commissioner of and constituting the State Harness Racing Commission of the State of New York, is not a proper party defendant, and as to him the plaintiffs' motion for summary judgment is denied and summary judgment is granted in favor of the said defendant. The complaint against him is dismissed.

A more difficult question is presented when we are called upon to determine whether or not a justiciable controversy exists as between the plaintiffs and the State of New York. This court feels that it is properly called upon to declare the meaning of the statute (specifically, the minatory words of section 63 of the Pari-Mutuel Revenue Law as they apply to the plaintiff firm of attorneys) and to define the rights of the plaintiffs which

have been placed in jeopardy. Involved are the rights of the plaintiffs to practice freely their profession, without the impediment imposed by the statute insofar as it applies to Commissioner Maguire. This jeopardy gives rise to the essential " ' controversy ' ", between the plaintiffs and the State of New York, which justifies the maintenance of an action for a declaratory judgment. (*Quaker Oats* v. *City of New York,* 295 N. Y. 527, 537.) Nor is it unusual for a declaratory judgment to be rendered for the purpose of accomplishing a statutory construction which would affect the State (cf. *Railway Mail Assn.* v. *Corsi,* 293 N. Y. 315). Indeed it is desirable that, particularly in the case of public officers, their rights and duties be judicially determined at the earliest practicable time (*Wingate* v. *Flynn,* 139 Misc. 779, affd. 233 App. Div. 785, affd. 256 N. Y. 690). And further, it has been held that the remedy of declaratory judgment is peculiarly appropriate where the meaning of a statute is at issue. (*German Masonic Temple Assn. of City of N. Y.* v. *City of New York,* 279 N. Y. 452; *Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198.)

In the instant case, it is of supreme importance to Commissioner Maguire to know beforehand whether or not, by his firm representing an owner of a race track, an automatic forfeiture of his public office will ensue. Since courts traditionally do not look with favor upon forfeiture by statute, and will strive to avoid such a penalty, it would appear reasonable and appropriate to invoke the remedy of a declaratory judgment before the happening of an event that would imperil the commissioner's office. In line with the views of Professor Borchard, this court feels the instrument of declaratory judgment aptly serves the present situation. Compare Borchard on Declaratory Judgments (2d ed., p. 966): " As a rule, the mere enactment of a statute or ordinance imposing restraints on an individual and implying enforcement by prosecuting officials threatens and hampers the plaintiff's freedom, peace of mind or pecuniary interests, and creates that justiciability of the issue which sustains a proceeding for an injunction and, *a fortiori,* for a declaratory judgment." Even more sharply to the point is Professor Borchard's suggestion by implication that a declaratory judgment is designed to prevent a situation such that, in order " To determine whether the law is a trap, whether the offering is mushroom or toadstool, the bait must first be eaten! " (P. 967.)

It is the further view of this court that the State is not immune from an action against it for a declaratory judgment,

and in any event, in the present action the Attorney-General has appeared generally, he has argued the question of statutory construction, and he has asked for summary judgment in his favor, that is, in favor of the State, and on the merits. He has even cross-moved to bring into the action as an additional party defendant the Mayor of the City of New York. It follows that he has consented to the State's being a party defendant, and he has in its behalf waived its immunity, if any, from suit herein. (Cf. *Vanilla* v. *Moran*, 188 Misc. 325, affd. 272 App. Div. 859, affd. 298 N. Y. 796, and *Niagara Falls Power Co.* v. *White*, 292 N. Y. 472, 479.)

That the Attorney-General is the proper officer to represent the State here is the only acceptable view, not only because of his general office and powers, but because the statute makes it his duty to bring suit to remove the plaintiff Maguire from his public office for a violation thereof (Pari-Mutuel Revenue Law, § 63, subd. 2). Certainly the plaintiff Maguire should be permitted to anticipate a suit by the Attorney-General. It should not be incumbent on him to wait until the Attorney-General brings suit, particularly because of the fatal consequence to him of such a suit, if such should result in favor of the Attorney-General. And indeed, it is generally recognized that no limitation is inherent in the Declaratory Judgment Act (Civ. Prac. Act, § 473), which would prevent the widest reasonable use of that remedy. (Cf. *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304; *Dun & Bradstreet* v. *City of New York, supra*, and *Richfield Oil Co.* v. *City of Syracuse*, 287 N. Y. 234.)

Thus is reached the question whether the statute is in fact applicable to legal services. The contention of the plaintiffs in this connection is simply that it is not so applicable because a lawyer does not "sell * * * (his) services." In common with all lawyers this court recoils back from such a maladroit use of the word "sell", which we prefer to believe has no relevancy to the dedicated pursuits of the men and women of our noble calling. However, of necessity lawyers do render their services in return, or in anticipated return, for valuable consideration. So we reluctantly conclude that the Legislature apparently applied the word "sell" to all services, including those of attorneys without a nice regard for the sensibilities of the profession. Although in its present context the word is indelicate and offensive to the profession's aesthetic sense, the court sees no escape from the conviction that the Legislature intended no distinction between lawyers and others who "sell"

their services to groups engaged in the operation of race tracks. It was the plain intent of the statute, among other things, to effect a complete divorcement between all public officials and all proprietors of race tracks. The Legislature found, from ample evidence apparently, that public service and the sport of kings are antithetical. This works a hardship on Commissioner Maguire, whose distinguished public services are well known to the profession and the community and whose duties and responsibilities as water commissioner have not the remotest connection with pari-mutuels or harness racing, but the commissioner's private interests necessarily yield to a general policy established by legislation even though all know such policy was not formulated with him or his particular public office in mind.

And now, the final question. The Attorney-General has moved to bring into the action the Mayor of the City of New York. The Mayor would have been a proper party. He is not a necessary party. The right of the plaintiff Maguire to hold his public office, if he were to represent a race track owner, would not depend upon the action or inactivity of the Mayor. If the Mayor were to remove him the courts would reinstate him if the statute were held not to apply. If, on the other hand, the Mayor failed to act forfeiture would nevertheless be applied at the suit of the State through its Attorney-General. The State is the real party in interest, the only real adverse party, and the only necessary party defendant. By its Attorney-General it is before the court. The application to join the Mayor is denied.

The court finds, as the statute applies, summary judgment is granted in favor of the defendant Attorney-General declaring that under the provisions of section 63 of the Pari-Mutuel Revenue Law, effective May 1, 1954 (L. 1954, ch. 514), the plaintiffs may not for a consideration render legal services to Algam Corporation, the owner of a race track at which pari-mutuel racing is conducted, while the plaintiff Maguire continues as a member of their firm and as a commissioner of the board of water supply of the City of New York, and that the rendition of such legal services in those circumstances will result in the forfeiture by the plaintiff Maguire of his said public office. Settle order on notice.