Thomas P. Farley, J.
The plaintiff is the holder of a mortgage on real property formerly owned by the defendants Sabatelli. The property has been wholly condemned by the defendant State of New York, title having vested on January 31, 1961. It is averred that as of the date of title vesting in the State, the principal sum of $7,957.73, with interest at 514% from October 1,1960, secured by the mortgage, was unpaid. Mr. and Mrs. Sabatelli and the State, by an “ agreement of adjustment ” dated December 30,1960 agreed on the sum of $9,400 as and for the compensation for the land, no part of which has yet been paid by the State. The plaintiff’s complaint seeks to compel the State of New York, as a stakeholder, to pay the amount of the plaintiff’s claim out of this compensation fund.
*504 The defendants Sabatelli have defaulted in answering the complaint. The plaintiff moves (a) for judgment by default against the Sabatellis and (b) for summary judgment against the defendant State of New York. The defendant State cross-moves for summary judgment, acknowledging in its papers that its only controversy with the plaintiff prior to the commencement of this action was as to the plaintiff’s demand for interest at the rate of 5%% after the date title vested in the State. The plaintiff contends that inasmuch as the fund in the hands of the State is more than adequate, it is entitled to the full amount of its claim, including interest at 5% % as agreed to in the bond and mortgage. The defendant, relying on the rule enunciated in Muldoon v. Mid-Bronx Holding Corp. (287 N. Y. 227) seeks to limit the rate of interest on the plaintiff’s claim to the statutory 4% from and after January 31, 1961, the date of vesting.
At the time that title to the mortgaged premises vested in the State, the State took title free from the mortgage lien, but the equitable lien of the mortgage then attached to the award for the land (Utter v. Richmond, 112 N. Y. 610, 613). By choosing in this action to resort to the compensation awarded to the owner of the land, the plaintiff has elected to substitute the obligation of the sovereign for the contractual obligation in the bond (see Muldoon v. Mid-Bronx Holding Corp., supra). In such case, the lawis clear that the plaintiff will be limited to such rate of interest as the sovereign may be required to pay to the owner from the date of the vesting of title (Fliegel v. Manhattan Sav. Bank, 296 N. Y. 214, 218 and cases cited therein),
The court is not unmindful of the position of the mortgagee, relegated to a lower rate of interest until a final payment of the agreed compensation or award is made. However, this is one of the incidents that befalls mortgagees who take as security lands that may be condemned.
The lien of the amount due on the mortgage as of the date of vesting was transferred from the land to the agreed compensation. Thereafter, the plaintiff is entitled to 4% interest on such sum until the day of payment.
The contention belatedly raised by the State that this court is without jurisdiction for the reason that the State has not waived its sovereign immunity, is without merit. Aside from the patent fact that the present suit is not one against the State, the State being expressly named as a “ stakeholder ” (see Glassman v. Glassman, 309 N. Y. 436), any immunity that might have originally existed, has been waived by the Attorney-General’s actions in appearing generally, interposing an answer and asking for summary judgment in favor of the State, on the merits. It *505 follows that he has consented to the State’s being a party defendant, and he has in its behalf waived its immunity, if any, from suit herein (Maguire v. Monaghan, 206 Misc. 550, 554, 555, affd. 285 App. Div. 926).
The plaintiff’s motion to take judgment by default against the defendants Sabatelli for the relief demanded in the complaint is granted as is its motion for summary judgment, to the extent indicated. The cross motion is denied.