HON. CHARLES P. AYERS, JR. County Attorney, Tioga County
This is in response to your recent inquiry as to whether deputies from the Tioga County Sheriff's office can be employed when they are off duty to handle traffic at a quarter horse race track which is being established in Tioga County.
Paragraph c of subdivision 1 of section 63 of the Pari-Mutuel Revenue Law (Unconsolidated Law, § 8052) prohibits the employment of public officers and employees with any firm, association or corporation licensed by the State Racing Commission, State Harness Racing Commission or Quarter Horse Racing Commission. Although subdivision 6 of said section excepts certain public employees from the above-mentioned prohibition, sheriff's deputies are not so excepted.
The question also has been asked as to whether the race track can contract with the Town of Nichols for police assistance and have the town in turn hire off-duty deputy sheriffs. The express purpose of this proposed arrangement is to circumvent the prohibition contained in section 63 of the Pari-Mutuel Revenue Law and the result would clearly violate the plain intent of said section "to effect complete divorcement between all public officials and all proprietors of race tracks" (Maguire v.Monaghan, 206 Misc. 550, 556, affd. 285 App. Div. 926). Furthermore, in Wells v. Town of Salina, 119 N.Y. 280, the court stated (at p. 287):
 "towns and other municipal corporations are organized for governmental purposes, and those powers are limited and defined by the statutes under which they are constituted. They possess only such powers as are expressly conferred or necessarily implied."
In the absence of statutory authority, either express or necessarily implied, which would allow a town to enter into a contract with a privately owned race track whereby the town would provide police assistance at the race track, we conclude that the town may not enter into such a contract.
Since your inquiry concerns the directing of traffic on public highways a further question arises because of the duty of the sheriff to direct traffic on public highways located within the county when necessary. It may be that off-duty deputies who direct traffic on public highways while the sheriff has the duty to do so are performing the duties of their office and therefore could not receive compensation from the race track for that reason.