JOSEPH N. NOLL, Secretary Department of Industry, Labor andHuman Relations
You have asked whether sec. 103.37, Stats., applies to the state, its political subdivisions or counties. It is my opinion that it does not apply to these governmental units.
 Section 103.37, Stats., provides as follows: *Page 104 
 (1) It shall be unlawful for any employer, as defined in subsection (2) to require any employe or applicant for employment to pay the cost of a medical examination required by the employer as a condition of employment.
 (2) "Employer", as used in this section means an individual, a partnership, an association, a corporation, a legal representative, trustee, receiver, trustee in bankruptcy, and any common carrier by rail, motor, water or air doing business in or operating within the state.
It is a firmly established tenet of statutory construction that statutes of general application "do not apply to the state unless the state is explicitly included by appropriate language." Stateex rel. Martin v. Reis, 230 Wis. 683, 687, 284 N.W. 580, 582
(1939); accord, State ex rel. Department of Public Instruction v.ILHR Department, 68 Wis.2d 677, 681, 229 N.W.2d 591, 593-94
(1975); Kenosha v. State, 35 Wis.2d 317, 323, 151 N.W.2d 36, 39
(1967); Konrad v. State, 4 Wis.2d 532, 538-39, 91 N.W.2d 203,206 (1958). This rule of explicit inclusion, as it has come to be known, is derived from the presumption that "the legislature does not intend to deprive the crown of any prerogatives, rights or property unless it expresses its intention to do so in explicit terms." State v. Milwaukee, 145 Wis. 131, 135, 129 N.W. 1101,1102 (1911).
Applying this rule of explicit inclusion to sec. 103.37, Stats., I can only conclude that this statute does not apply to the state, or its political subdivisions, because the state is not explicitly included in its definition of employer. My opinion is confirmed by Department of Public Instruction, 68 Wis.2d at 681,229 N.W.2d at 594, where the court held that the Department of Industry, Labor and Human Relations did not have jurisdiction to entertain a sex discrimination complaint filed against the Department of Public Instruction, because the Fair Employment Act did not explicitly include the state and its agencies within the meaning of the term employer.
The explicit inclusion rule also applies to counties as political subdivisions of the state. Necedah Manufacturing Corp.v. Juneau County, 206 Wis. 316, 322-23, 237 N.W. 277, 279, rev'd on rehearing, 206 Wis. 336, 240 N.W. 405 (1932); see Crowley v.Clark County, 219 Wis. 76, 82, 261 N.W. 221, 223 (1935); 41 Op. Att'y Gen. 65, 68 (1952). Although the judgment in Necedah was reversed *Page 105 
on rehearing, the court adhered to its view that the statute involved was inapplicable to the county, because it was a statute of general application with no specific provision bringing the state and its political subdivisions within its coverage.Necedah, 206 Wis. at 336, 240 N.W. at 405. Logically, one would expect the explicit inclusion rule to apply to counties, as well as the state, since a county is an arm or political subdivision of the state primarily performing functions of the state at the local level. E.g., Kyncl v. Kenosha County, 37 Wis.2d 547, 555,155 N.W.2d 583, 587 (1968). It follows then that sec. 103.37, Stats., does not apply to counties, because counties are not explicitly included in its definition of employer.
You ask whether a county might be considered a corporation within the definition of employer in sec. 103.37 (2), Stats., and thereby subject to sec. 103.37 (1), Stats. Although sec. 59.01
(1), Stats., provides that "[e]ach county in this state is a body corporate," this does not mean that a county is a corporation within the meaning of sec. 103.37 (2), Stats. There is a well settled and widely recognized distinction between a corporation and a municipal or quasi-municipal corporation. 62 C.J.S.Municipal Corporations sec. 4; e.g., Thompson v. MunicipalElectric Authority, 231 S.E.2d 720, 725, 238 Ga. 19 (1976); Statev. Canova, 365 A.2d 988, 995-96, 278 Md. 483 (1976); Bender v.Jamaica Hospital, 356 N.E.2d 1228, 1229, 40 N.Y.2d 560,388 N.Y.S.2d 269 (1976). As a general rule, the word corporation is construed to apply only to private corporations and does not include municipal or quasi-municipal corporations such as a town, city or county, unless the statute expressly so provides. 62 C.J.S. Municipal Corporations sec. 4; e.g., Attorney General v.City of Woburn, 79 N.E.2d 187, 188-89, 322 Mass. 634 (1948);State v. Central Power Light Co., 161 S.W.2d 766, 768,139 Tex. 51 (1942). It is my opinion, therefore, that a county is not a corporation within the meaning of sec. 103.37 (2), Stats.
Under Wisconsin's anti-trust law, it has been held that a county is a corporation within the definition of person in sec.133.04, Stats. and thereby entitled to sue for treble damages.City of Madison v. Hyland, Hall Co., 73 Wis.2d 364, 371,243 N.W.2d 422, 426 (1976). Nevertheless, this holding does not change my opinion that a county is not a corporation within the definition of employer in sec. 103.37 (2), Stats., because that case is distinguishable on several grounds. *Page 106 
First, the explicit inclusion rule did not apply in that case, and the court expressly recognized this fact, id. at 375,243 N.W.2d at 428, because the issue there concerned the power of a county or city to sue for treble damages in an anti-trust action. This is in line with the principle that the explicit inclusion rule generally does not apply to statutes which benefit the state and its political subdivisions or augment their powers. 82 C.J.S.Statutes sec. 317; see Milwaukee v. McGregor, 140 Wis. 35, 38,121 N.W. 642, 643 (1909). Unlike the situation in Hyland and the treble damages provision of the anti-trust law, however, sec.103.37, Stats., might burden counties, and, therefore, the explicit inclusion rule comes into play.
Second, Wisconsin's anti-trust act was modeled after the Sherman Act of the United States, and the Legislature, in enacting the state law, intended that the construction given to the federal law be followed in construing the state law. Hyland,73 Wis.2d at 375, 243 N.W.2d at 428. Since the United States Supreme Court had already held that the civil remedy of treble damages was available to a municipality under the Sherman Act,Chattanooga Foundry Pipe Works v. Atlanta, 203 U.S. 390, 396
(1906), the court in Hyland was disposed to hold that a county was a corporation, and thus a person, entitled to sue for treble damages. Construction of sec. 103.37 (2), Stats., to determine whether a county is a corporation under that section, however, is not affected by such a compulsion or constraint.
Third, the holding in Hyland was affected by important public policy considerations favoring the right of governmental entities to sue for treble damages in furtherance of the anti-trust law's remedial objectives. Hyland, 73 Wis.2d at 377,243 N.W.2d at 429. Such weighty public policy considerations are not present with respect to sec. 103.37, Stats.
In summary, then, I believe that the holding in Hyland is limited to its particular facts and must be read in the context of the Wisconsin anti-trust law. Because it is distinguishable from the situation you have presented, it does not lead to the conclusion that a county is a corporation, and thus an employer, under sec. 103.37 (2), Stats.
An examination of the major employment statutes casts some light on the questions you have asked. Looking at these statutes, it appears that where the Legislature intended the term employer to include the *Page 107 
state, its political subdivisions or counties, it took care to specifically include language bringing these governmental units within the statute's coverage. For example, see the safe-place statute (sec. 101.01 (2)(c), Stats.); the worker's compensation law (sec. 102.04 (1)(a), Stats.); employment regulations (sec.103.01 (3), Stats., read in conjunction with sec. 990.01 (26), Stats.); the unemployment compensation law (sec. 108.02 (4)(a), Stats.); wage claims (sec. 109.01 (2), Stats.); and the fair employment law (sec. 111.32 (3), Stats., read in conjunction with sec. 41.02 (4), Stats.). In contrast with the definitions of employer in these employment statutes, the absence of an express reference to the state or counties in sec. 103.37 (2), Stats., is significant. The fact that the definition of employer in sec.103.37 (2), Stats., does not specifically mention the state or counties raises a strong inference that the Legislature did not intend them to be governed by the statute.
My opinion herein is consistent with opinions of my predecessors. In 62 Op. Att'y Gen. 47 (1973), the Attorney General, by application of the explicit inclusion rule, concluded that the state and its political subdivisions were not employers as defined in sec. 104.01 (1), Stats., and, therefore, were not subject to the minimum wage law. In 41 Op. Att'y Gen. 65 (1952). the Attorney General also relied upon the explicit inclusion rule to conclude that a county was not a person within the meaning of sec. 85.10 (40), Stats., and, therefore, its sand and gravel trucks were not subject to the weight limitations fixed by sec. 85.47, Stats.
Finally, I would note that Joint School v. Wisconsin Rapids Ed.Asso., 70 Wis.2d 292, 306-07, 234 N.W.2d 289 (1979), held that sec. 103.56 (1), Stats., relating to the issuance of injunctions in labor disputes, does not apply to public employers.
Accordingly, I conclude that the state, its political subdivisions and counties are not employers as defined in sec.103.37 (2), Stats., and, therefore, these governmental units are not subject to the prohibitions of sec. 103.37 (1), Stats.
BCL:NS *Page 108