KENNETH E. LINDNER, Secretary Department of Administration
You request my opinion whether state property is subject to assessment of special charges for maintenance of the State Street Mall-Capitol Concourse project as proposed by the City of Madison.
I am of the opinion that it is not.
Section 66.298, Stats., enables a city or village to designate, by ordinance, any street or right-of-way as a pedestrian mall. The City *Page 270 
of Madison has acted pursuant to this and other statutes to provide for the State Street Mall-Capitol Concourse improvements. You state that the city intends to impose special maintenance charges on property owners "benefiting" in reliance upon sec. 66.610(10), Stats. That statute, however, is applicable only to cities of the first class, and although Madison exceeds the population requirement in sec. 62.05(1)(a), Stats., to qualify as a city of the first class, it has not elected to complete the steps set forth in sub. (2) of the statute to effectively change its status and remains a city of the second class. In re TheIncorporation of The Town of Fitchburg, Dane County, Wisconsin,as a City: Town of Fitchburg, et al. v. City of Madison No. 80-980 (Wis., filed Nov. 4, 1980). The provisions of sec. 66.610, Stats., are, therefore, not available to the City of Madison. It should be noted that such statute would not, of itself, apply as against property of the state.
I am advised that the City of Madison does not intend to rely on sec. 66.610, Stats., but rather on sec. 66.60(16), Stats.
The proposal of the "Sub-Committee on Specially Assessing State Street Mall-Capitol Concourse Maintenance Costs" does not propose to include what it calls normal maintenance functions such as snow plowing of vehicular ways, maintenance of primary street lighting system, traffic signalization system, street signing, painting and stripping, storm and sanitary sewer maintenance, or trash pick-up from private property, in assessing special charges. Such functions would continue to be provided and funded from the general fund. It proposes that one-third of the cost of the following items be assessed or charged against adjacent benefiting properties:
General Maintenance — Code 160
 Maintenance tasks not specifically identifiable with the remaining codes.
 a. Cleaning of structures and fixtures b. Washing and repairing lamps c. Cleaning tree grates d. Painting benches e. Replace light bulbs (Glitter Lights Bus Shelters) f. Cleaning glass g. Wash trash cans (Trash Receptacles) *Page 271 
 Debris Removal — Code 161
 a. Sweeping and cleaning sidewalks b. Daily debris pick-up (from Trash Receptacles)
 Snow and Ice Removal — Code 162
 a. Shoveling walks, crosswalks, etc. b. Sanding c. Salting
 Summer Maintenance — Code 163
 a. Mowing b. Raking c. Tree and plantings watering d. Mulching and fertilization e. Cleaning fountains f. Washing sidewalks
Section 66.60(16), Stats., provides in part:
 (a) In addition to all other methods provided by law, special charges for current services rendered
may be imposed by the governing body by allocating all or part of the cost to the property served. Such may include, without limitation because of enumeration, snow and ice removal, weed elimination, street sprinkling, oiling and tarring, repair of sidewalks or curb and gutter, garbage and refuse disposal, sewer service and tree care.
. . .
 (b) Such special charges shall not be payable in instalments. If not paid within the period fixed by the governing body, such a delinquent special charge shall become a lien as provided in sub. (15) as of the date of such delinquency.
This language of special charges for current services is to be compared with language in subsecs. (1), (3), (4), (5), (6a), (7), (8), (9), (11), (12)(c), (18), of sec. 66.60, Stats., which permits a city to levy and collect special assessments upon property specially benefited by any municipal "work orimprovement."
In 69 Op. Att'y Gen. 103 (1980), it was stated:
 It is a firmly established tenet of statutory construction that statutes of general application "do not apply to the state unless *Page 272 
the state is explicitly included by appropriate language." State ex rel. Martin v. Reis, 230 Wis. 683, 687, 284 N.W. 580, 582 (1939); accord, State ex rel. Department of Public Instruction v. ILHR Department, 68 Wis.2d 677, 681, 229 N.W.2d 591, 593-94 (1975); Kenosha v. State, 35 Wis.2d 317, 323, 151 N.W.2d 36, 39 (1967); Konrad v. State, 4 Wis.2d 532, 538-39, 91 N.W.2d 203, 206 (1958).
Section 66.60, Stats., is in large part a statute of general application. Subsection (16) which relates to "special charges for current services" does not mention the state. There is no provision of sec. 66.60, Stats., which, of itself, makes state property subject to special assessments. Subsection (4) does refer to property of the state and provides a procedure for state review and approval "if property of the state may be subject to assessment under s. 66.64."
Section 66.64, Stats., provides in material part:
 (1) The property of the state, except that held for highway right-of-way purposes, and the property of . . . or any public board or commission within this state . . . shall be in all respects subject to all special assessments for local improvements. . . .
 (2)(a) In this subsection, "assessment" means a special assessment on property of the state and "project" means any continuous improvement within overall project limits regardless of whether small exterior segments are left unimproved. The board of commissioners of public lands shall determine if an assessment is just and legal.
General maintenance does not constitute a construction project or a project of continuous improvement. Under sec. 66.60, Stats., special charges relate to items which may be classified as maintenance. There is an important difference between general maintenance and construction projects. Section 66.60, Stats., recognizes this difference and prescribes different procedures for items of maintenance and construction projects. Under sec. 66.64, Stats., the state is liable for construction projects, but not for maintenance.
In my opinion the proposed assessment of special charges for a portion of the special items of maintenance referred to above would not constitute a special assessment for local improvements or for a *Page 273 
project in the nature of a continuous improvement within the meaning of secs. 66.60(4), 66.64, Stats.
Section 70.119(1), (2), Stats., provides that the state shall make reasonable payments at established rates "for water, sewer, and electrical services and all other services directly provided
to state facilities . . . including garbage and trash disposal and collection, which are financed in whole or in part by special charges or fees" and "for other municipal services as defined in sub. (3)(d), directly provided to state facilities . . . pursuant to the procedures specified in subs. (4), (5) and (6)." Few if any of the maintenance services proposed to be subject to special charges by the city would be included within sec. 70.119, Stats., partially for the reason that they do not appear to be directly provided to state facilities.
I conclude that state property is not subject to assessment of special charges for maintenance of the State Street Mall-Capitol Concourse project as proposed by the City of Madison.
BCL:RJV