JOHN COUGHLIN, Secretary Department of Industry, Labor andHuman Relations
Your department has requested my opinion on two issues relating to the enforcement of section 101.122, Stats., the rental unit energy efficiency statute. You ask:
 1. Does sec. 101.122, Stats., apply to the activities of the state?
 2. If the answer to question I is no, may a state agency be required by the register of deeds to document its exclusion from sec. 101.122, Stats., in every property transaction filed for recording?
In my opinion, section 101.122 does apply to the activities of the state. It is therefore unnecessary to answer your second question.
Pursuant to section 101.122 (2), your department has adopted Wis. Admin. Code ch. ILHR 67, establishing minimum energy efficiency standards for rental units. No owner may transfer a rental unit unless, within the previous five years, an inspector has inspected the unit and has issued a certificate stating that the unit satisfies the applicable standards. Sec. 101.122 (4)(a), Stats. The only exemptions are for rental units which fall below the threshold for size or date of construction, or which are not used from November 1 to March 31, section 101.122 (1)(e), for rental units to be demolished within two years after written waiver of compliance with the inspection and certification requirement by the department or local inspector, section 101.122
(4)(b), and for rental units which the transferee stipulates shall be brought into compliance by the owner within one year of the date of transfer, section 101.122 (4)(c).
In 69 Op. Att'y Gen. 103 (1980), it was stated:
 It is a firmly established tenet of statutory construction that statutes of general application "do not apply to the state unless the state is explicitly included by appropriate language." State ex rel. Martin v. Reis, 230 Wis. 683, 687, 284 N.W. 580, 582
(1939); accord, State ex rel. Department of Public Instruction v. ILHR Department, 68 Wis.2d 677, 681, 229 N.W.2d 591, 593-94 (1975); Kenosha v. State, 35 Wis.2d 317, 323, 151 N.W.2d 36, 39 *Page 208 
(1967); Konrad v. State, 4 Wis.2d 532, 538-39, 91 N.W.2d 203, 206 (1958).
69 Op. Att'y Gen. 269, 271-72 (1980). However, this rule applies only where the statute is "written in general language that could apply to both the state and to private parties." Wis. Vet. Homev. Div. Nurs. Forfeit. Appeals, 104 Wis.2d 106, 110-11,310 N.W.2d 646 (Ct.App. 1981).
Section 101.01 (2)(e) provides:
[A]s used in ss. 101.01 to 101.25 . . . .
. . . .
 (e) The term "owner" shall mean and include every person, firm, corporation, state . . . having ownership, control or custody of any place of employment or public building . . . .
In Wis. Vet. Home, 104 Wis.2d at 110, the court of appeals said that "[i]f the state were included in th[e] [statutory] definition by plain language, resort to a rule of statutory construction would indeed be unnecessary [citation omitted]." Here, the plain language of section 101.01 (2)(e) indicates that the term "owner" includes the state because section 101.122 is between section 101.01 and section 101.25. A contrary construction of section 101.122 would require me to reject the plain meaning of section 101.01 (2)(e).
I am cognizant of the fact that section 101.122 (1)(d) defines "owner" as "any person having a legal or equitable interest in a rental unit." I am required to construe each part of a statute with every other part so as to reach a harmonious hole. In reMarriage of Levy v. Levy, 130 Wis.2d 523, 530, 388 N.W.2d 170
(1986).
The two statutory provisions can be harmonized without rejecting the plain meaning of section 101.01 (2)(e). Applying section 101.01 (2)(e), the state is an "owner" within the meaning of section 101.122. However, for section 101.122 to apply to the state, the state must also have "a legal or equitable interest in a rental unit" as required by section 101.122 (1)(d). Where the latter condition is satisfied, it is my opinion that the rental unit energy efficiency statute does apply to the state.
DJH:FTC *Page 209