UNDERWOOD, by Guardian *ad litem*, Respondent, v. KARNS, Commissioner of Motor Vehicle Department, Appellant.

*October 2—October 29, 1963.*

For the appellant the cause was argued by *Roy G. Mita,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

For the respondent there was a brief and oral argument by *Charles G. Giles* of Medford.

DIETERICH, J. The record discloses the following facts. The petitioner, Wayne Underwood, was a minor between the ages of sixteen and eighteen years, at the time he was issued an operating license pursuant to sec. 343.15 (1), (2), Stats.[1] The provisions of the statute require the parent or

---

[1] Sec. 343.15. "APPLICATION OF MINORS; LIABILITY OF SPONSORS; RELEASE FROM LIABILITY. (1) The application of any person under 18 years of age for a license shall be signed and verified

guardian of such minor applicant to sign the license application as a sponsor. The statute further provides that any negligence of the minor in operating a motor vehicle is imputed to the sponsor, who is made jointly and severally liable with the minor for any damages caused by such negli-· gence. Wayne's father, Orman Underwood, signed the application as Wayne's sponsor.

On March 17, 1960, when he was seventeen years old, Wayne was involved in an accident in which two persons were killed. Wayne was driving his father's automobile at the time, and neither he nor his father carried automobile liability insurance. After receiving notice of the accident, the Commissioner of the Motor Vehicle Department required Orman Underwood, the owner of the car driven by Wayne, to deposit $22,000 security pursuant to secs. 344.12 and 344.13, Stats. No security was deposited and on July 12, 1960, the commissioner suspended Wayne's operator's license and Orman's registration pursuant to sec. 344.14.

On June 21, 1960, Orman Underwood and his wife entered into a written agreement with the parents of one of the persons killed in the accident. The agreement provided for payment of $2,000 to be paid in monthly instalments of $20 over a period of 100 months, in consideration for which Wayne and Orman Underwood were conditionally released from liability. A warrant for confession of judgment was incorporated into the agreement. Wayne was not a party to the agreement nor was he represented by a guardian.

---

before a person duly authorized to administer oaths, by the applicant's father, if he has custody of the applicant; . . .

"(2) Any negligence or wilful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed to the person who signed the application for such person's license. The person who so signed is jointly and severally liable with such operator for any damages caused by such negligent or wilful misconduct."

178

Upon receipt of the written agreement and release, the commissioner revoked his suspension order and restored Wayne's operating privileges pursuant to sec. 344.18 (1) (c), Stats.[2] Within a few months a default in payment occurred, and judgment by confession was entered on the cognovit note on July 28, 1961. However, no certified copy of any judgment was ever filed with the motor vehicle department as required by sec. 344.25.[3] The motor vehicle department received notice of default, and issued a second suspension order pursuant to sec. 344.18 (2) [4] on grounds of failure to meet instalment payments under a confession of judgment. The following note appeared at the bottom of the suspension order:

"The above suspension shall remain in full force and effect until the above named pays the total balance due directly

[2] Sec. 344.18. "DURATION OF SUSPENSION FOR FAILURE TO DEPOSIT SECURITY. (1) Any operating privilege or registration suspended as provided in s. 344.14 shall remain suspended and shall not be renewed or reinstated until one of the following requirements has been met: . . .
"(c) There is filed with the commissioner evidence satisfactory to him that the person whose operating privilege or registration was suspended has executed a warrant for confession of judgment or duly acknowledged written agreement in accordance with s. 344.14 (2) (h), . . ."
[3] Sec. 344.25. "REVOCATION OF LICENSE AND REGISTRATION FOR NONPAYMENT OF JUDGMENT; EXCEPTIONS. Upon receipt, pursuant to s. 344.05, of a certified copy of a judgment for damages in excess of $100 arising out of a motor vehicle accident, the commissioner shall forthwith revoke the operating privilege and all registrations of the person against whom such judgment was rendered, . . ."
[4] Sec. 344.18. "(2) If there is any default in the payment of any instalment under any confession of judgment, the commissioner, upon notice of such default given within the terms of the instalment agreement or in no event later than 30 days after the time for the final instalment, shall forthwith suspend the operating privilege and registrations of the defaulting person, which suspension shall remain in effect until the entire amount provided for in the confession of judgment has been paid."

to the party to whom it is due and files a release of liability signed by that party. Balance due $2,129.33."

Wayne Underwood was nineteen years old at the time the petition for the writ of mandamus was filed.

The existence or nonexistence of an adequate and specific remedy at law is one of the first questions to be determined in a mandamus proceeding, and when such other remedy exists, courts uniformly refuse to entertain petitions for writs of mandamus. *Board of Education of South Milwaukee v. State ex rel. Reed* (1898), 100 Wis. 455, 462, 76 N. W. 351. See also *State ex rel. Baraboo v. Page* (1930), 201 Wis. 262, 268, 229 N. W. 40; *State ex rel. Racine County v. Schmidt* (1959), 7 Wis. (2d) 528, 536, 97 N. W. (2d) 493.

Sec. 344.03, Stats.,[5] sets out the procedure for obtaining judicial review of the commissioner's acts. That section provides that any person aggrieved by any action of the commissioner may, within ten days after notice thereof, petition for review in the circuit court as provided in the Administrative Procedure Act (sec. 227.16).[6] Where a statute relat-

---

[5] Sec. 344.03. "JUDICIAL REVIEW OF COMMISSIONER'S ACTION. Any person aggrieved by any action of the commissioner pursuant to this chapter may, within 10 days after notice thereof, or in any event before the commissioner has revoked or suspended the operating privilege or registration by specific order if preceded by notice mailed at least 10 days prior to said revocation or suspension, file a petition in the circuit court of Dane county for a review thereof as provided in s. 227.16. The court shall summarily hear the petition and may make any appropriate order or decree within the scope of s. 227.20."

[6] Sec. 227.16. "PARTIES AND PROCEEDINGS FOR REVIEW. (1) Except as otherwise specifically provided by law, any person aggrieved by a decision specified in section 227.15 and directly affected thereby shall be entitled to judicial review thereof as provided in this chapter. Proceedings for review shall be instituted by serving a petition therefor personally or by registered mail upon the agency or one of its members or upon its secretary or clerk, and by filing such petition in the office of the clerk of the

ing to an administrative agency provides a direct method of judicial review of agency action, such method of review is generally regarded as exclusive, especially where the statutory remedy is plain, speedy, and adequate. 2 Am. Jur. (2d), Administrative Law, p. 614, sec. 712. See also *Cobb v. Public Service Comm.* (1961), 12 Wis. (2d) 441, 107 N. W. (2d) 595.

In *Perkins v. Peacock* (1953), 263 Wis. 644, 649, 658, 58 N. W. (2d) 536, a certiorari proceeding, this court held that sec. 40.303 (9), Stats. 1949, which granted aggrieved persons the right to appeal from any order of the county school committee within thirty days, was the exclusive remedy for review of such order. See *Cobb v. Public Service Comm., supra* (p. 457).

In *Nick v. State Highway Comm.* (1961), 13 Wis. (2d) 511, 109 N. W. (2d) 71, 111 N. W. (2d) 95, the highway commission issued a declaration designating Highway 30 a controlled-access highway. Petitioner applied for a driveway permit and her application was denied. She then filed with the circuit court a petition for inverse condemnation against the commission. The circuit court dismissed the petition, and this court affirmed. In denying petitioner's motion for rehearing, this court stated (p. 518a) :

"Sec. 227.15, Stats., and the sections immediately following provide for judicial review of administrative decisions. . . .

"We hold that the relief of judicial review of the administrative decision provided by statute is the exclusive remedy, with right of appeal from the reviewing court to the supreme court, per sec. 227.21, Stats. Appellant did not exhaust her remedy of judicial review. The circuit court correctly dismissed appellant's proceeding for other relief."

circuit court for Dane county . . . all within 30 days after the service of the decision of the agency upon all parties . . . ."

In the instant action the order suspending Wayne's operating privileges is dated August 24, 1961, and recites that due notice had been given of the failure to comply with the Safety Responsibility Act. Under sec. 344.03, Stats., Wayne had ten days from the date of notice to petition the circuit court for review. No such petition was ever filed.

Since Wayne could have obtained a review under sec. 344.03, Stats., at the time of the suspension, mandamus will not lie. *State ex rel. Racine County v. Schmidt, supra.* Although we are of the opinion that a longer period than the ten days prescribed by sec. 344.03 should be permitted, this court will not prescribe rules of procedure for administrative bodies. This is a function for the legislature. *Wisconsin Power & Light Co. v. Public Service Comm.* (1939), 231 Wis. 390, 411, 284 N. W. 586; *Gray Well Drilling Co. v. State Board of Health* (1953), 263 Wis. 417, 419, 58 N. W. (2d) 64; *State ex rel. Wasilewski v. Board of School Directors* (1961), 14 Wis. (2d) 243, 268, 111 N. W. (2d) 198.

We hold that the remedy provided by sec. 344.03, Stats., is exclusive. Therefore, all other related questions become moot.

*By the Court.*—Judgment reversed; writ quashed.