BARRY LABORATORIES, INC., Plaintiff, v. STATE BOARD OF PHARMACY, Defendant.    [Two appeals.]

*January 7—February 17, 1965.*

For the plaintiff there was a brief by *Quarles, Herriott & Clemons,* attorneys, and *Maxwell H. Herriott* and *James Urdan* of counsel, all of Milwaukee, and oral argument by *Mr. Urdan.*

For the defendant the cause was argued by *Robert J. Vergeront,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

HEFFERNAN, J. 1. *The issues.* Barry contends that the announcement by the board with respect to the licensing requirement is a rule as defined in sec. 227.01 (3), Stats., and therefore reviewable in an action for declaratory judgment by virtue of sec. 227.05. The board contends that the statement of the board is not a rule. The circuit court agreed with the board and decided that no cause of action had been stated under sec. 227.05. The board concedes that the complaint would state a, cause of action under sec. 269.56, governing declaratory judgment generally, if the action had been brought against the individual members of the board. It argues, however, that an action against the board is an action against the state, without its consent. The circuit court held, however, that the action, under sec. 269.56, may be brought against the board.

The order of the circuit court overruled the demurrer, and provided that the action should be considered as one under sec. 269.56, Stats., and not under sec. 227.05. The board phrased its notice of appeal so as to seek review of the order insofar as it overruled the demurrer and determined that the action was maintainable under sec. 269.56. Barry has attempted to appeal from the determination in the order that the action should not be deemed an action under sec. 227.05.

The order is appealable only because it overrules a demurrer. The defendant board, which demurred, may appeal from it, but plaintiff may not.[1] Upon the board's appeal, however, Barry could ask us to review the ruling that no cause of action was stated under sec. 227.05, since reversal of that ruling would support the order overruling the demurrer.[2] Under the circumstances we will treat Barry's appeal as a request for such review.

2. *Pertinent provisions of ch. 151, Stats.* Ch. 151 is entitled "Pharmacy." Sec. 151.01 provides for the state board of pharmacy, and sec. 151.01 (4) provides that the board shall cause prosecution of violations of the chapter. Ch. 424, Laws of 1947, created sec. 151.07, entitled "Dangerous Drugs," generally forbidding the delivery of a dangerous drug except by a practitioner or upon prescription of a practitioner. This and other prohibitions contained in sec. 151.07 do not apply, however, to the wholesale delivery of dangerous drugs to persons enumerated in sec. 151.07 (8). These persons are pharmacists, practitioners, hospitals, and certain others. "Dangerous Drug" is defined, in part, as "any drug or drug-containing preparation, the original container of which bears the statement 'Caution—federal law prohibits dispensing without prescription.'" Certain compounds included in the definition are enumerated.[3]

Although sales at wholesale to the enumerated persons are not forbidden, sec. 151.04 (5), Stats., has, since 1955, provided that no person shall engage in the sale or distribution at wholesale to any of the classes of persons enumerated in

---

[1] *Travelers Ins. Co. v. Fidelity & Casualty Co.* (1964), 24 Wis. (2d) 38, 128 N. W. (2d) 71; *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. (2d) 540, 549, 131 N. W. (2d) 331.

[2] Sec. 274.12 (2), Stats.

[3] Sec. 151.07 (1) (a), Stats., amended into present form by ch. 601, Laws of 1961, previously amended by ch. 545, sec. 4, Laws of 1959.

sec. 151.07 (8) without first obtaining a license from the state board.[4]

The letters sent by the state board announced the board's position that sec. 151.04 (5), Stats., prohibits the shipment of prescription-legend drugs into Wisconsin to the persons enumerated without a license from the state board. Presumably the board will consider its duty is to seek prosecution of those who make such sales without a license, where jurisdiction can be obtained for such purpose.

3. *May this action properly be brought under sec. 269.56, Stats., against the State Board of Pharmacy?* It is alleged that the board is threatening prosecution of Barry or its agents for failure to obtain a license; that sec. 151.04 (5), if properly interpreted, does not require Barry to be licensed in order to carry on its present business; and that if so applied, it would conflict with the constitution of the United States. Barry seeks a declaration that it has the right to continue its present business without being licensed. The attorney general concedes, on behalf of the board, that a similar action against the individual members of the board, alleging that they are proposing to act in excess of their authority as officers of the state, could be maintained under sec. 269.56.

In *Berlowitz v. Roach* [5] action for declaratory judgment was brought against the state treasurer and other officers, naming each individually and as such officer. The court referred to sec. 269.56 (2), Stats., and said:

"This clearly grants to any party the right to proceed under the uniform declaratory-judgment statute to have a statute construed with reference to a claimed right so long as it cannot be said to be an action against the state. It is argued that while the state is not named as a party defendant it is the party in interest because the money realized from the

---

[4] Enacted by ch. 115, Laws of 1955, and amended by ch. 612, sec. 2, Laws of 1961.

[5] (1947), 252 Wis. 61, 64, 30 N. W. (2d) 256.

collection of this tax is state property. We cannot agree with appellants' position that this is an action against the state. It is an action against the enforcing officer to prevent him from doing that which it is claimed he has no legal right to do, and if respondent is correct in his position that the statute gives him no legal right to collect this tax the enforcing officer is then acting as an individual in excess of his authority and with no protection under the law. . . ." [6]

It is claimed that naming the board in its official name as defendant makes the action one against the state, and therefore improper in the absence of statutory consent.

It is very difficult to see, however, how an action for a judgment declaring that proposed official action is grounded on an improper construction of a statute has any greater effect upon the interests of the state if brought against a board as defendant, than if brought against the members of the board. The purpose in either case is to determine whether a course of official action is consistent with the laws or constitution. The principle that such an action against individuals who are officers is not an action against the state has been termed a fiction, created "in order to find a way around sovereign immunity." [7] As a matter of practice, a decision unfavorable to the position of the officers in an action against them individually, is ordinarily recognized as final by the successor officers. Although there is a question whether a judgment against individual officers is *res judicata* against the state and other officers, Professor Davis has pointed out that the state may be bound by judgment in an action against its officers where such officers are defended by the government's counsel. [8] If the state is bound by the

---

[6] See also *John F. Jelke Co. v. Beck* (1932), 208 Wis. 650, 661, 242 N. W. 576; *Milwaukee v. Wegner* (1951), 258 Wis. 285, 45 N. W. (2d) 699; *Borden Co. v. McDowell* (1959), 8 Wis. (2d) 246, 99 N. W. (2d) 146.

[7] 3 Davis, Administrative Law Treatise, p. 553, sec. 27.03.

[8] 3 Davis, *supra,* footnote 7, p. 578, sec. 27.06.

result in any event, the reason for the distinction between suing the officers and suing the agency vanishes.

The supreme court of New Jersey has decided that an action for a declaratory judgment would lie against a state board where the plaintiff challenged the constitutionality of a statute and sought to restrain threatened enforcement.[9] The court pointed out that a suit to restrain a state agency from executing an unconstitutional statute had been a common exercise of jurisdiction, and that acts done by the administrative agency in the enforcement of the law would have been reviewable on certiorari as in excess of power.

We agree with the learned circuit judge that the present action may properly be maintained against the board.

4. *Is there a defect of parties?* The board contends that Barry is attempting to secure an interpretation of sec. 151.04 (5), Stats., for the benefit of others than itself and points out that sec. 269.56 (11) requires that all shall be made parties who have or claim any interest which would be affected.

We have held that sec. 269.56 (11), Stats., should not be construed as requiring that where a declaratory judgment as to the validity of a statute or ordinance is sought, every person whose interests are affected must be made a party.[10] Although Barry's prayer for relief suggests that it is seeking a ruling which will protect others as well as itself, it has not alleged that the action is brought on behalf of a numerous class. Barry does sufficiently show that its own interests are affected. Presumably any adjudication of the inapplicability or invalidity of the statute would be limited to Barry's method of doing business, as established by the evidence. We

---

[9] *Abelson's Inc., v. New Jersey State Board of Optometrists* (1950), 5 N. J. 412, 75 Atl. (2d) 867, 869.

[10] *White House Milk Co. v. Thomson* (1957), 275 Wis. 243, 249, 81 N. W. (2d) 725; *Blooming Grove v. Madison* (1957), 275 Wis. 328, 334, 81 N. W. (2d) 713.

do not consider it necessary that other manufacturers be made parties in order to proceed with the action.

5. *Is the board's statement, that out-of-state manufacturers must be licensed, a rule?* Barry contends that the board's statement is a rule as defined in sec. 227.01 (3), Stats. If that be true, it is subject to judicial review under sec. 227.05. Barry not only contends on review that the board's statement violates constitutional provisions and exceeds statutory authority of the board, but alleges failure to comply with statutory rule-making procedures.[11]

Sec. 227.01 (3), Stats., provides:

" 'Rule' means a regulation, standard, statement of policy or general order (including the amendment or repeal of any of the foregoing), of general application and having the effect of law, issued by an agency to implement, interpret or make specific legislation enforced or administered by such agency or to govern the organization or procedure of such agency."

The board's statement involved herein fits the foregoing definition only if it is a "statement of policy . . . of general application and having the effect of law, issued . . . to . . . interpret . . ." sec. 151.04 (5), Stats.

It seems to us that the statement involved herein cannot be said to have the effect of law. If so, it does not fulfil the definition.

The statement was not issued nor filed in the form of a rule, and thus it could not be claimed in a criminal action that the board's construction of the statute has the effect of law.

---

[11] See sec. 227.05 (5), Stats., for grounds of invalidity. A rule must be filed (sec. 227.023 (1)) so that it may be published (sec. 227.025) and its adoption must, with certain exceptions, have been preceded with notice and public hearing unless it is the adoption, revocation, or modification of a statement of general policy coming within the provisions of sec. 227.01 (4) (sec. 227.02 (1)).

It is clear, moreover, that even if it had been so issued, it would not constitute what Professor Davis has termed a legislative rule.[12] No statute has empowered the board to determine by rule to what types of sales sec. 151.04 (5), Stats., will apply and endowed such rule with the force of law. Sec. 227.01 (3) implies, however, that some interpretative rules may have the force of law, a proposition with which Professor Davis agrees and for which he cites authority.[13] It is also suggested that whether or not interpretative rules of an administrative agency have the effect of law is really a question of degree.

"The conclusion is an easy one that the degree of authoritative effect of an interpretative regulation is likely to be high when the regulation depends heavily upon skills of the kind that the judges do not possess, and that the degree of authoritative effect is likely to be low when the judges and not the administrators are the experts, as on constitutional issues." [14]

The question on which the board took a position in its letters was not one of interpretation of a statute in the most ordinary meaning of the term. The statute, sec. 151.04 (5), expressly forbids the sale or distribution at wholesale of the prescription-legend drugs without a license. The board's statement does not attribute anything but obvious meaning to those terms. To the extent that the board's letters informed the manufacturers of the existence and terms of the statute, it was not a rule. Explanatory material which is merely informational is not within the definition of "rule." [15]

The board did take the position that the statute applies to sales made to persons within Wisconsin by manufacturers

---

[12] 1 Davis, Administrative Law Treatise, p. 299, sec. 5.03.

[13] 1 Davis, *supra,* footnote 12, p. 300, sec. 5.03, and p. 307, sec. 5.04.

[14] 1 Davis, *supra,* footnote 12, p. 316, sec. 5.05.

[15] Sec. 227.01 (5) (r), Stats.

located outside the state. This seems not to be so much an interpretation of the statute as a conclusion that the state has power and jurisdiction so to apply the statute, notwithstanding questions under the constitution of the United States which may arise where sales in interstate commerce are involved, particularly where the seller has only minimum contacts with this state.

The making of such legal claim by the board cannot, in our opinion, be said to have the effect of law. The question it purports to answer is not in any degree within the expertise of the board. The board intends to recommend prosecutions in accordance with its pronouncement, but the correctness of its claim will be decided by the courts. The nature of the question is such that the courts will accord little if any authoritative effect to the fact that the board took such position.

It thus follows that the board's pronouncement is not a rule under sec. 227.01 (3), Stats.

Barry contends that its position here is supported by *Frankenthal v. Wisconsin Real Estate Brokers' Board.*[16] There the real-estate brokers' board had issued mimeographed instructions for renewal of real-estate brokers' licenses to be issued by the board. It required that every member of a partnership must be licensed before it would license a partnership. This requirement represented a change in the board's interpretation of the governing statute. For years it had interpreted the statute as permitting licensing of a partnership even though there were inactive partners who were not licensed. In accordance with the new instructions, the board denied applications of partnerships with inactive partners who had no license. We held that this announced change was a rule, as a "statement of policy . . . of general application and having the effect of law, issued . . . to . . .

---

[16] (1958), 3 Wis. (2d) 249, 257b, 88 N. W. (2d) 352, 89 N. W. (2d) 825.

interpret . . . legislation . . . administered by" the board. We held that such interpretation was unauthorized, but did not decide whether notice and hearing were required before adoption. We said: "When a party files an application for a license with an administrative agency and the latter points to some announced agency policy of general application as a reason for rejecting the application, such announced policy constitutes a rule, the validity of which the applicant is entitled to have tested in a declaratory action instituted pursuant to sec. 227.05, Stats."

We said in *Frankenthal* that the mimeographed instruction, though not issued and filed as a rule, nevertheless was one under the definition in sec. 227.01 (3), Stats., *i.e.,* that it was a statement of policy of general application *having the effect of law.* It could be argued with some reason that the instruction in *Frankenthal* was a rule by virtue of sub. (4) which required that a "statement of general policy . . . specifically adopted by an agency to govern its enforcement or administration of legislation" shall be filed as a rule. If the latter, notice and public hearing were not required before its adoption.[17]

But whichever rationale be correct, the board in *Frankenthal* was relying on the instruction as a principle (or "rule") controlling its administrative action which directly affected rights and interests, namely the denial of a license. As far as the board was concerned, the interpretation embodied in the instruction had the effect of law. The board had the means to enforce it as law and did so until invalidity was found on judicial review. In the case now before us, the board can only refer cases to a district attorney for prosecution, and its letters have only the force of an announcement that it will do so. There is a critical difference between the instructions

---

[17] Sec. 227.02 (1) (d), Stats.

involved in *Frankenthal* and the pronouncement involved here.

*By the Court.*—Order affirmed.

WILKIE, J., took no part.