WISCONSIN FERTILIZER ASSOCIATION, INC., and another, Respondents, v. KARNS, Administrator, Division of Motor Vehicles, Appellant.

*No. 284. Argued April 10, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 294.)

96

For the appellant the cause was argued by *E. Gordon Young,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Richard E. Barrett,* assistant attorney general.

For the respondents there was a brief by *Willink & Thompson* of Madison, and oral argument by *Dale R. Thompson.*

Beilfuss, J. The issue is whether an action for declaratory judgment pursuant to sec. 269.56, Stats., may be brought against the commissioner of the motor vehicle department to challenge his determination that the described vehicles are not "implements of husbandry" within the meaning of sec. 340.01 (24). The issue thus stated presents the following two questions:

(1) Whether such a suit is in substance a suit against the state and therefor prohibited by the doctrine of sovereign immunity.

(2) Whether a petition for a declaratory ruling of the commissioner pursuant to sec. 227.06, Stats., is an exclusive means of procedure precluding an action for declaratory judgment under sec. 269.56.

The following are the statutory provisions which create the present dispute:

Sec. 341.04 (1), Stats., provides:

"(1) It is unlawful for any person to operate or for an owner to consent to being operated on any highway of this state any motor vehicle, mobile home, trailer or semitrailer or any other vehicle for which a registration fee is specifically prescribed unless at the time of operation the vehicle in question either is registered in this state or is exempt from registration."

Sec. 341.05, Stats., provides:

"When vehicles exempt from registration. A vehicle, even though operated upon a highway of this state, is exempt from registration when such vehicle:
". . .
"(17) Is an implement of husbandry."

Sec. 347.02 (1), Stats., provides:

"No provision of this chapter requiring vehicles to be equipped in a particular manner is applicable to any of the following vehicles unless the vehicle is expressly included within or made subject to the particular provision:
"(a) . . .
"(b) Implements of husbandry."

Sec. 340.01 (24), Stats., provides:

" 'Implement of husbandry' means a vehicle or piece of equipment or machinery designed for agricultural purposes, used exclusively in the conduct of agricultural operations and used principally off the highway."

The commissioner argues that the plaintiffs have in fact brought an action against the state by suing him for a declaratory judgment concerning the foregoing statutes and that such actions are barred by the doctrine of sovereign immunity.[2]

It is correct that declaratory-judgment actions are not maintainable against the state.

"The Wisconsin declaratory-judgment statute does not make any provision for suits against the state and we have held that declaratory judgments against the state are barred by sovereign immunity." *Kenosha v. State, supra,* page 323.

However, under the cases decided by this court it is equally clear that a suit for declaratory judgment under sec. 269.56, Stats., may be maintained against an officer or administrative body of this state if the action cannot be said to be an action against the state. *Berlowitz v. Roach* (1947), 252 Wis. 61, 30 N. W. 2d 256; *Barry Laboratories, Inc. v. State Board of Pharmacy* (1965), 26 Wis. 2d 505, 132 N. W. 2d 833. A suit against a state officer or agency is not a suit against the state when it is based on the premise that the officer or agency is acting outside the bounds of his or its constitutional or jurisdictional authority.

The case of *Kenosha v. State, supra,* relied upon by the appellant, must be distinguished from the case at bar. In that case the city of Kenosha brought an action for

---

[2] Wisconsin Constitution, art. IV, sec. 27 provides: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." The rule that the state cannot be sued without its consent developed from this provision. *See Kenosha v. State* (1967), 35 Wis. 2d 317, 151 N. W. 2d 36.

declaratory judgment to determine the constitutionality and legality of sec. 11.04, Stats. (now sec. 5.40), which required all cities and villages having a population over 10,000 to purchase or adopt voting machines. Both the state and the secretary of state demurred to the complaint. The court held that the defense of sovereign immunity was available to both the state of Wisconsin and the secretary of state. The reason the decision does not apply to the instant case is because the secretary of state was not being sued in a capacity as enforcer, administrator, or supervisor of a statutory provision as is the appellant here. The opinion points out, on page 324:

"Sec. 11.04, Stats., requires voting machines to be installed in cities and villages over 10,000 but does not give the secretary of state authority to enforce this legislative mandate. The secretary has no supervisory control over the installation of voting machines nor has he made any attempt to force cities to comply with the requirement. In short, the secretary of state has taken no action in this case beyond his constitutional or jurisdictional authority, and no such action by the secretary of state has been alleged in the city of Kenosha's amended complaint. Thus, the defense of sovereign immunity may be raised by both the state of Wisconsin and the secretary of state."

The commissioner urges that he is not acting outside his constitutional or jurisdictional authority by making a determination that the respondents' fertilizers are not "implements of husbandry." He argues that whether or not his determination is correct, he is not acting outside his authority since he has the power to make mistakes in his determination. While it may be true that a grant of discretion to an officer contemplates a certain amount of mistakes, to the extent that the officer's mistakes amount to the misconstruction or the misapplication of a statute, he is exceeding his authority as much as if he were operating under an unconstitutional statute.

"While the constitutionality of this statute is not in issue the authority of the enforcing officer is involved and as to this it was said in *Century Distilling Co. v. Defenbach* (1940), 61 Idaho 192, 200, 99 Pac. (2d) 56:

" 'It is generally held by the courts, both state and federal, that where the action taken or threatened by any officer, is alleged to be in violation of the complainant's rights, either because of a misconstruction or misapplication by the officer of a statute, or on account of the alleged unconstitutionality of the statute, the action is not in fact one against the state, but is rather against the individual because of his lack of power and authority to do the things complained of. *State ex rel. Robinson v. Superior Court*, 182 Wash. 277, 46 Pac. (2d) 1046, 1049; *State Highway Comm. v. Younger*, 170 Okla. 614, 41 Pac. (2d) 686, 688; *Ex parte Young*, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 727, 729, 14 Ann. Cas. 764, 13 L. R. A. N. S., 932; *Smyth v. Ames*, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819, 839; *Reagan v. Farmers Loan & T. Co.* 154 U. S. 362.'

"This is consistent with what was said in the *Jelke Case, supra.* We see no difference between an officer attempting to act under a law which is unconstitutional and his attempting to act in excess of the authority granted to him under a law which is constitutional. The effect on the person against whom such action is taken is the same. In neither instance is it the act of the state because in neither instance has the state granted him any such authority." *Berlowitz v. Roach, supra,* pages 64, 65.

The appellant contends that when he makes a determination that a particular vehicle is or is not an "implement of husbandry" he is making a determination of fact not involving statutory construction. Certainly in making his determination the appellant must do a certain amount of fact-finding concerning the various vehicles. However, given the facts, whether the vehicle is an "implement of husbandry" is a question which involves the construction, interpretation and application of the statutory language.

"Implement of husbandry" is defined in sec. 340.01 (24), Stats., as "a vehicle or piece of equipment or machinery designed for agricultural purposes, used exclusively in the conduct of agricultural operations and used principally off the highway."

The appellant-commissioner argues in his brief that this definition presents three questions of fact which he must answer:

"1. Is the equipment designed for agricultural purposes, or is it merely subject to use for agricultural purposes?

"2. Is the equipment used exclusively in the conduct of agricultural operations, or is the equipment also used in commercial transportation?

"3. Is the equipment used principally off the highway?"

By setting forth these questions the appellant has illustrated how he is construing, interpreting, and applying the provisions. There is nothing in sec. 340.01 (24), Stats., which expressly provides that equipment "merely subject to use for agricultural purposes" is opposite "equipment designed for agricultural purposes." There is nothing in the section that expressly provides that a vehicle which is used in "commercial transportation" is not being used in an agricultural operation. All three questions involve construction, interpretation, and application of the statute. This is not to say that the appellant's construction, interpretation, and application of the provision is not correct. But, the question here is whether the plaintiffs may bring a declaratory judgment action to challenge the commissioner's construction and application of the statute.

Taken that the appellant acts outside his authority when he misconstrues or misapplies a statute, this case is precisely within this court's holding in *Barry Laboratories, Inc. v. State Board of Pharmacy, supra.* In

that case the plaintiff, Barry Laboratories, Inc., received letters from the defendant, State Board of Pharmacy, stating that sec. 151.04 (5), Stats., required Barry to be licensed if it sold prescription-legend drugs to persons in Wisconsin. Barry brought the action for declaratory judgment under both sec. 227.05, providing for declaratory judgment where there is a "rule" promulgated by an agency, and under sec. 269.56. Barry contended it was not subject to the licensing requirements and that to so apply it would be in conflict with the constitution of the United States as an improper burden upon regulation of interstate commerce. The court determined that the letters were not "rules" within the meaning of the Administrative Procedure Act and held that Barry could maintain its declaratory judgment action under sec. 269.56.

Paragraphs 9 and 10 of the respondents' complaint sufficiently constitute an allegation that the appellant is acting outside his authority as they, in effect, allege the appellant is misconstruing and misapplying the statute:

"9. That the defendant, through the State of Wisconsin Motor Vehicle Department, has maintained that said bulk spreaders and liquid tanks are not 'implements of husbandry' as defined by said Section 340.01 (24) and within the meaning of said sections 341.05 (17) and 347.02 (1), and said defendant is prepared and presently intends to issue citations to and against a number of the plaintiffs and their members for violation of the said laws of Wisconsin pertaining to registration of vehicles and required safety equipment, by use of said equipment in the manner hereinabove described;

"(10) That the plaintiffs maintain that said bulk spreaders and liquid tanks are 'implements of husbandry' as defined by and within the meaning of said statute."

The complaint, therefore, is not against the state but rather against the administrative officer in his individual capacity. Upon these allegations the plaintiffs may seek redress by way of an action for declaratory judgment pursuant to sec. 269.56, Stats., by virtue of the rule as

it appears in the opinions of this court in *Berlowitz, supra,* and *Barry Laboratories, supra.*

The commissioner also contends that the Administrative Procedure Act (ch. 227, Stats.) provides the exclusive course of action in such cases thereby precluding respondents from use of sec. 269.56 (declaratory judgments). Sec. 110.06, which sets forth the general powers of the commissioner of the motor vehicle department, provides:

"(1) The commissioner of the motor vehicle department shall have the power to make such reasonable and uniform orders, rules and regulations not inconsistent with law as he may deem necessary to the discharge of the powers, duties and functions vested in such department. He shall also have power and authority to prescribe forms for applications, notices and reports required by law to be made to the department or which may be deemed necessary to the efficient discharge of all such powers, duties and functions.
". . .
"(5) The orders and determinations, rules and regulations made by the commissioner shall be subject to review in the manner provided in chapter 227."

Sec. 227.06 (1), Stats., provides:

"Any agency may, on petition by any interested person, issue a declaratory ruling with respect to the applicability to any person, property or state of facts of any rule or statute enforced by it. Full opportunity for hearing shall be afforded to interested parties. A declaratory ruling shall bind the agency and all parties to the proceedings on the statement of facts alleged, unless it is altered or set aside by a court. A ruling shall be subject to review in the circuit court in the manner provided for the review of administrative decisions."

The commissioner urges plaintiffs are not permitted to seek relief under sec. 269.56, Stats. (declaratory judgments) but are limited to a declaration of the motor vehicle commissioner under sec. 227.06 (1). Several cases are cited in support of the proposition that where a

statute provides a method of review of administrative action the method prescribed is exclusive. The most recent of these cases is *Underwood v. Karns* (1963), 21 Wis. 2d 175, 179, 180, 124 N. W. 2d 116, where the rule is stated:

"Where a statute relating to an administrative agency provides a direct method of judicial review of agency action, such method of review is generally regarded as exclusive, especially where the statutory remedy is plain, speedy, and adequate."

In *Cobb v. Public Service Comm.* (1961), 12 Wis. 2d 441, 457, 107 N. W. 2d 595, it is stated:

"We have held that the specified and prescribed method for review of an administrative agency's order is exclusive, and that any person using such remedy must pursue it to seek redress. *Perkins v. Peacock* (1953), 263 Wis. 644, 58 N. W. (2d) 536."

In *Superior v. Committee on Water Pollution* (1953), 263 Wis. 23, 27, 56 N. W. 2d 501, the rule is stated:

". . . where a specified method of review is prescribed by statute, the method so prescribed is exclusive."

And, finally, in *Clintonville Transfer Line v. Public Service Comm.* (1945), 248 Wis. 59, 69, 21 N. W. 2d 5, it is stated:

"So long as an administrative agency acts within the scope of the powers granted to it without impairing the constitutional rights of a citizen, its findings of fact are subject to review by the courts only to the extent and in the manner prescribed by the legislature."

It is apparent that these cases refer to review of administrative action. In this case the plaintiffs claim the commissioner has misconstrued and misapplied a statute and, consequently, acts in excess of statutory authority. In effect, the commissioner, prior to the commencement of this action, determined that plaintiffs'

vehicles are not implements of husbandry and therefore not exempt from registration. Sec. 227.06 (1), Stats., does not provide a method of review of a determination already made but a method of requesting an agency to make a determination. If the plaintiffs had sought and obtained a declaratory ruling of the commissioner under sec. 227.06 (1), then the cases cited would have been authority for the rule that they must seek review under ch. 227. The cases cited are not authority for the proposition that an interested person must seek a declaratory ruling under sec. 227.06 (1) on a determination already made. While the plaintiffs in this situation undoubtedly could have sought redress under sec. 227.06 (1), we find no authority that requires them to do so. It is understandable why the plaintiffs chose not to seek a declaratory ruling from the commissioner as to an application of a statute when he had already made that determination and indicated he intended to prosecute for violation of the statute.

Further, sec. 227.06, Stats., does not afford a declaratory ruling as a matter of right. The section states that the agency "may" issue a declaratory ruling on the petition by an interested party. The word "may" as used in the context of this section makes it discretionary as to whether the commissioner will issue a declaratory ruling. If appellant is correct, that sec. 227.06 provides an exclusive course of procedure in a case such as this, then whether interested parties, such as respondents here, could obtain a declaratory determination of any kind would be solely in the discretion of the officer who is being challenged for acting outside his authority. Certainly the legislature did not contemplate such a result.

In both *Berlowitz, supra,* involving a suit for declaratory judgment against, among others, the chief of the beverage and cigarette tax division of the state treasurer, and in *Barry Laboratories, supra,* involving an action for declaratory judgment against the state board of phar-

macy, declaratory judgments pursuant to sec. 269.56, Stats., were permitted without even questioning the exclusivity of sec. 227.06. In our opinion the trial court was correct in its decision that a declaratory ruling before an administrative agency is not an exclusive remedy under the allegations of the plaintiffs' complaint.

*By the Court.*—Order affirmed, with leave of defendant to answer within twenty days after remittitur.